UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EVANS,<br><br>    Petitioner,<br><br>  v.<br><br>MARION E. SPEARMAN,<br><br>    Respondent. | No. 2:18-cv-0070 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. <u>Introduction</u>

  Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2015 conviction for three counts of assault with a firearm and four counts of discharge of a firearm from a motor vehicle with various firearm and great bodily injury enhancements. Petitioner was sentenced to a total of thirty-six years and eight months to life in state prison. Petitioner claims that a jury instruction regarding fleeing amounts to a constitutional error requiring relief in this court. After careful review of the record, this court concludes that the petition should be denied.

II. <u>Procedural History</u>

  On June 17, 2015, a jury found petitioner guilty of three counts of assault with a firearm (Cal. Pen. Code, § 245(a)(2)) with multiple enhancements, as well as four counts of discharging a firearm from a motor vehicle (Cal. Pen. Code, § 26100(c)) along with several gun use

1

enhancements. (CT 269-75.)[1] The jury deadlocked on three other counts alleged and the trial court declared a mistrial as to those counts. (CT 264, 268.) On August 7, 2015, petitioner was sentenced to a determinate term of eleven years, eight months and an indeterminate term of twenty-five years to life, for an aggregate total of thirty-six years and eight months to life. (2 CT 382-86.)

Petitioner appealed the conviction to the California Court of Appeal, Third Appellate District. (LD 7.) The Court of Appeal affirmed the conviction on November 30, 2016. (LD 10; see also ECF No. 11, Ex. A.)

Petitioner filed a petition for review in the California Supreme Court (LD 11), which was denied on February 15, 2017. (LD 12.)

Petitioner filed the instant petition on January 8, 2018. (ECF No. 1.) Respondent filed an answer on March 28, 2018 (ECF No. 11), and petitioner filed a traverse on May 16, 2018 (ECF No. 14).

III. Facts[2]

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> On March 11, 2014, Paul Wilkins, Avvion Caldwell, Davonyae Sellers, and Oscar Morris were in front of an apartment complex selling cocaine. Defendant was with Devontre Lang and Sanjay Prasad. There was a history of animosity between defendant and Wilkins.
>
> Wilkins saw defendant looking at him from the store across the street. Defendant left the store and sat in the passenger seat of a car while Prasad drove. They drove to the front of the apartment

---

[1] "CT," followed by specific volume and page number, refers to the Clerk's Transcript on Appeal; "RT," followed by specific volume and page number, refers to the Reporter's Transcript on Appeal; "LD" refers to a document lodged with this court by respondent on May 1, 2018; "ECF" refers to this court's electronic filing system.

[2] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Evans, No. C080020 (11/20/16) (2016 WL 6995295), a copy of which was lodged by respondent as Lodged Document number 10.

2

complex, where defendant fired a gun multiple times from the car at Wilkins and the others, shooting Caldwell in the back of the head. He then yelled at Prasad to "get the F out of here." The car sped off.

Wilkins and the others then ran toward a nearby church. Defendant arrived at the church in the car. He got out of the car and fired more shots at Wilkins and Sellers, and then got back in the car, yelling, "I got the mother fucker." As police sirens sounded, defendant again fled the scene, driven away in the car.

Defendant testified that he thought he had seen Morris and Wilkins with guns in front of the apartments. He claimed he heard shots fired at the car before he fired back, multiple times. He testified he fired because he was in fear and felt he did not have a choice. As to the second episode of shooting, he claimed that he had seen Wilkins and the others running toward defendant's home with guns in their hands. He got out of the car, ran across the street, and fired a single shot above their heads to stop them from running toward him.

Officers did not find the gun at defendant's apartment, but found a nine-millimeter cartridge in his apartment. They also found spent nine-millimeter shell casings at the apartment complex and the church. A comparison of a partial firing pin impression on the unfired cartridge found at defendant's apartment with a firing pin impression on the casing found outside the apartment complex showed the same firing pin could have produced both impressions.

(People v. Evans, slip op. at *1.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable

3

> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption

5

may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V. Petitioner's Claim

*Prejudicial Instructional Error*

Petitioner claims that the state court's resolution of his claim, asserting prejudicial error where the jury was instructed pursuant to CALCRIM 372, is based upon an unreasonable determination of the facts in light of the evidence presented. (ECF No. 1 at 10-11 & No. 14 at 6-10.) Petitioner also argues that he was prejudiced by the trial court's instruction, thus challenging the state court's determination of that claim, specifically asserting the instruction lessened the prosecution's burden of proof in violation of his due process rights. (ECF No. 14 at 10-12.) Respondent contends the state court's determination was neither unreasonable nor contrary to Supreme Court precedent, and further contends that decision was not based on an unreasonable determination of the facts based upon the evidence presented. (ECF No. 11 at 17-21.)

The last reasoned rejection of petitioner's claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal. The state court addressed this claim as follows:

> Defendant claims the trial court prejudicially erred by instructing the jury that flight after a crime may be considered as evidence of guilt. (CALCRIM No. 372.) He argues that because he was a passenger in the car, rather than the driver (who sped away from both shooting scenes), and because he admitted he was present and involved in the shooting, his flight was not relevant to any contested issue. He adds that because the only issue left for the jury to decide was his mental state, the pattern flight instruction did not apply and actually buttressed the prosecution's case.
>
> Over objection, the trial court instructed the jury pursuant to CALCRIM No. 372 as follows: "If the defendant fled or tried to flee immediately after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself."
>
> Our Supreme Court has repeatedly rejected the argument that a flight

7

instruction is improper when the only disputed issue is the defendant's mental state at the time of the crime. (*People v. Boyce* (2014) 59 Cal.4th 672, 690–691; *People v. Smithey* (1999) 20 Cal.4th 936, 983 [citing and declining to reconsider numerous decisions rejecting contention that flight instruction "should be given only when the identity of the perpetrator is disputed, and not when the principal disputed issue is the defendant's mental state at the time of the crime"].)

Defendant's related argument that the flight instruction is an "impermissibly argumentative pinpoint instruction[ ] that allow[s] juries to draw improper inferences of guilt ... has [also] been repeatedly rejected." (*People v. McWhorter* (2009) 47 Cal.4th 318, 377 [addressing predecessor CALJIC No. 2.52 flight instruction]; *People v. Avila* (2009) 46 Cal.4th 680, 710 ["flight instruction does not create an unconstitutional permissive inference or lessen the prosecutor's burden of proof, and is proper"]; *People v. Mendoza* (2000) 24 Cal.4th 130, 180–181 [rejecting arguments that CALJIC No. 2.52 flight instruction is improper pinpoint instruction and impermissibly argumentative].)

Accordingly, we also must reject these arguments. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.)

"An instruction on flight is properly given if the jury could reasonably infer that the defendant's flight reflected consciousness of guilt, and flight requires neither the physical act of running nor the reaching of a far-away haven. [Citation.] Flight manifestly does require, however, a purpose to avoid being observed or arrested." (*People v. Crandell* (1988) 46 Cal.3d 833, 869.) A flight instruction is proper when the defendant's actions "logically permit [ ] an inference that his movement was motivated by guilty knowledge." (*People v. Turner* (1990) 50 Cal.3d 668, 694; *see People v. Visciotti* (1992) 2 Cal.4th 1, 60 [flight requires a purpose to avoid observation or arrest].)

Here, there was evidence that after the first shooting defendant yelled to the driver to "get the F out of here." The car then sped off. After the second shooting, defendant again rode away with the others as police sirens sounded nearby. While defendant's flight may not have been due to his consciousness of guilt in one or both instances, it certainly was not unreasonable to instruct the jury as to its possible relevance in determining whether defendant's claim of self-defense was well taken.

In any event, any error was clearly harmless. As our Supreme Court has repeatedly held, CALCRIM No. 372 assumes neither defendant's guilt nor his flight. (*People v. Visciotti, supra*, 2 Cal.4th at pp. 60–

> 61; *see People v. Carter* (2005) 36 Cal.4th 1114, 1182–1183.) Thus if, as defendant contends, there was little evidence of flight, the instruction had no application by its own terms. Accordingly, any error in giving the instruction was not prejudicial.

(People v. Evans, slip op. at *2-3.)

### Legal Standards Pertaining to Instructional Error

Claims of error in state jury instructions are generally matters of state law and thus do not usually invoke a constitutional question. See Gilmore v. Taylor, 508 U.S. 333, 343 (1993). And, the federal court is bound by a state appellate court's interpretation of California state law. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("we have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state law questions").

To merit federal habeas relief when an allegedly erroneous jury instruction is given, or an instruction is omitted, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See Estelle v. McGuire, 502 U.S. at 71-72; Henderson v. Kibbe, 431 U.S. 145, 155 (1977); see also Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988) (state court's failure to give jury instruction "does not alone raise a ground cognizable in a federal habeas corpus proceeding").

In a criminal trial, a jury instruction violates due process if it fails to give effect to the requirement that the State prove every element of the offense. Middleton v. McNeil, 541 U.S. 433, 437 (2004) (citing Sandstrom v. Montana, 442 U.S. 510, 520-21 (1979)); see also Keating v. Hood, 191 F.3d 1053, 1061 (9th Cir. 1999) (instruction that relieves state of burden of proving mens rea beyond reasonable doubt contradicts presumption of innocence and invades function of jury, thereby violating due process), cert. denied, 531 U.S. 824 (2000), abrogated on other grounds by Mancuso v. Olivarez, 292 F.3d 939, 944 n. 1 (9th Cir. 2002) (citation omitted).

Claims of instructional error must be evaluated in the context of the instructions as a whole, not in artificial isolation. Estelle, 502 U.S. at 72; United States v. Frady, 456 U.S. at 169. The relevant inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a manner that prevents the consideration of constitutionally relevant

evidence." Boyde v. California, 494 U.S. 370, 380 (1990).  A determination that there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution establishes only that an error has occurred.  See Calderon v. Coleman, 525 U.S. 141, 146 (1998).  If an error is found, the court also must then determine that the error had a substantial and injurious effect or influence in determining the jury's verdict before granting relief in habeas proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Calderon, 525 U.S. at 146-47.

Analysis

*Relevant Background*

Prior to the case going to the jury, and outside the jury's presence, the court and counsel conferred regarding jury instructions, including CALCRIM 372:

> [THE COURT]: 358, 359, 372. Do you want to be heard on that one, Mr. Hedberg? I think there is a basis for it.
>
> MR. HEDBERG: I have been told in chambers, in all candor, you pretty much have to stay there to avoid this instruction. All I can say is he wasn't driving the car, but I'll submit.
>
> THE COURT: I understand.

(3 RT 836.)

CALCRIM 372 reads:

> If the defendant fled or tried to flee after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself.

(2 CT 312.)  Here, the jury was verbally instructed as follows:

> If the defendant fled or tried to flee immediately after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself.

(3 RT 853-54.)

10

*The Asserted Factual Determination Pursuant to 28 U.S.C. § 2254(d)(2)*

As previously noted, petitioner argues the state appellate court based its decision on an unreasonable determination of the facts in light of the evidence presented at trial. More specifically, in support of his argument, petitioner points to a particular paragraph, or portions of it, in the Third District Court of Appeal's opinion. (ECF No. 1 at 10 & No. 14 at 8.) Respondent maintains the state appellate court made no factual finding of petitioner's intent, rather that court "only found as a matter of law that it was [] for the jurors to decide to the factual questions" as it concerned any flight by petitioner. (ECF No. 11 at 20.)

The undersigned has carefully reviewed the record as a whole, including all trial testimony and the decision issued by the state appellate court. Respondent is correct.

On appeal, petitioner argued that the trial court's instruction to the jury that flight from the scene of the crime can be considered evidence of guilt was prejudicial because he was only a passenger in the vehicle that left the scene, and because he admitted he was present at the time of the incident and used a gun. (LD 7 & 9.)

Reviewing the state appellate court's opinion in context, it is clear the court - after citing California Supreme Court authority as to the propriety of giving CALCRIM 372 - was finding as a matter of law[4] that the trial produced evidence from which it could be reasonably inferred that petitioner's flight could have been due to a consciousness of guilt. In doing so, the state court was not negating or ignoring the existence of evidence to the contrary.

Accordingly, petitioner has not overcome the presumption of any factual determination's correctness by clear and convincing evidence. Sumner v. Mata, 449 U.S. 539, 546 (1981); Stanley, 633 F.3d at 859.

*The Determination Pursuant to 28 U.S.C. § 2254(d)(1)*

As referenced above, the California Court of Appeal for the Third Appellate District concluded that the flight instruction was permissible under state law and this court must defer to that finding. Waddington v. Sarausad, 555 U.S. at 192 n.5; see also Bradshaw v. Richey, 546

---

[4] Black's Law Dictionary defines a "matter of law" as "[a] matter involving a judicial inquiry into the applicable law."

U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas corpus").

When a federal habeas petitioner challenges the validity of a state jury instruction, the issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. at 72. A reviewing court will evaluate the purported instructional error in light of the overall charge to the jury. Middleton v. McNeil, 541 U.S. at 437. It asks "'whether there is a reasonable likelihood that the jury has applied the challenged instruction' in an unconstitutional manner." Houston v. Roe, 177 F.3d 901, 909 (9th Cir. 1999), cert. denied, 528 U.S. 1159 (2000) (internal citation omitted).

First, there is no doubt that the record of the proceedings at trial includes evidence from which it could be inferred that petitioner did flee the scene of the incident as a result of consciousness of guilt. (See, e.g., 1 RT 213; 2 RT 275, 313, 315, 318-19, 359-62, 370-72, 380-82, 452-54.) There is also evidence offered by the defense from which it could be inferred that petitioner left the scene as a result of fear. (3 RT 732-805 [petitioner's trial testimony].) Because both positions could be inferred from the evidence presented at trial, it was not error for the trial court to instruct the jury with CALCRIM 372. This was an issue for the jury to decide. The trial court informed the jury that: "it was up to [them] to decide [the] meaning and importance" of any attempt to flee or flight immediately after the crime was committed; and, further, evidence of attempted fleeing or flight "cannot prove guilt by itself." (3 RT 853-54.) Certainly, CALCRIM 372 did not instruct the jury to ignore petitioner's explanation for his flight. As a result of this cautionary language, the instructions themselves forbade the jury from drawing irrational inferences based on petitioner's flight. See Karis v. Calderon, 283 F.3d 1117, 1132 (9th Cir. 2002) (flight instruction could have worked to the defendant's benefit because it clarified "that flight alone is insufficient to establish guilt").

In light of the evidence presented at trial – that after firing a weapon at the young men who had been standing in front of the apartment complex, and again once a few of them ran through the church across the street, petitioner was a passenger in a vehicle that left the area - petitioner has not established that CALCRIM 372 permitted the jury to draw a conclusion that

12

was inconsistent with due process. See Francis v. Franklin, 471 U.S. 307, 314-15 (1985) ("A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury"). Accordingly, no reasonable likelihood exists that the jury applied CALCRIM 372 in an unconstitutional manner. See Houston v. Roe, 177 F.3d at 909.

A permissive inference instruction like CALCRIM 372 does not affect the application of the standard of proof – beyond a reasonable doubt – unless there is no rational way the jury could make the connection permitted by the inference. United States v. Warren, 25 F.3d 890, 897 n.4, 899 (9th Cir. 1994). As previously noted, the evidence at trial permitted the jury to rationally infer that petitioner fled the scene as a result of a consciousness of guilt; something the jury could do if it did not accept petitioner's testimony that he fled because he feared for himself and his family.

Further, permissive inference jury instructions generally do not involve constitutional error where other instructions "condition, qualify or explain them." Hanna v. Riveland, 87 F.3d 1034, 1038 (9th Cir. 1996). In this case, the trial court instructed the jury in relevant part: (1) regarding the prosecution's burden of proving guilt beyond a reasonable doubt (3 RT 844); (2) that if the jury could draw two or more reasonable conclusions from the circumstantial evidence, one of which pointed to petitioner's guilt and the other to his innocence, it was required to accept the interpretation pointing to petitioner's innocence (3 RT 846); (3) that the jury must judge the credibility of witnesses and that it could accept all, some or none of a witness's testimony (3 RT 847); (4) that where there is a conflict in the evidence, the jury must decide what evidence, if any, to believe (3 RT 849); (5) that evidence petitioner fled or tried to flee could not prove guilt by itself (3 RT 854); and (6) that the prosecution had the burden of proving beyond a reasonable doubt that petitioner did not act in lawful self-defense (3 RT 862). A jury is presumed to follow the court's instructions. Weeks v. Angelone, 528 U.S. 225, 226 (2000). These instructions did not preclude or somehow stop the jury from considering and accepting petitioner's explanation. Karis v. Calderon, 283 F.3d at 1132 (flight instruction did not violate due process where court gave instructions regarding the evaluation of testimony and evidence,

and instructed the jury that flight alone could not establish guilt). Taking the instructions as a whole, there is no reasonable likelihood that the jury applied the instructions in a way that favored the prosecution or failed to consider petitioner's evidence. Estelle, 502 U.S. at 72; Frady, 456 U.S. at 169.

Moreover, federal courts have rejected similar arguments, finding that CALCRIM 372 does not create impermissible presumptions, nor does it shift or reduce a prosecutor's burden of proof. See, e.g., Jennings v. Santoro, No. EDCV 15-1185-GW KS, 2016 WL 8608479, at *13-14 (C.D. Cal. Nov. 23, 2016) (discussing CALCRIM 372), report and recommendation adopted, No. EDCV 15-1185-GW KS, 2017 WL 1138122 (C.D. Cal. Mar. 27, 2017); Daron v. McDonald, No. CV 11-1100-JST PLA, 2011 WL 5870074, at *10 (C.D. Cal. Sept. 20, 2011) (discussing constitutionality of CALCRIM 372), report and recommendation adopted, No. CV 11-1100-JST PLA, 2011 WL 5877237 (C.D. Cal. Nov. 19, 2011); Lopez v. Janda, No. EDCV 13-1196-DOC MAN, 2015 WL 3736997, at *13 (C.D. Cal. June 8, 2015) (discussing CALCRIM 372).

Lastly, even if the undersigned were to assume instructional error occurred, petitioner has not established a substantial and injurious effect on the jury's verdict as a result. There was substantial evidence that petitioner fired his weapon at the group of men in the first instance (see e.g., 1 RT 124, 139, 159-60, 166, 179, 192, 209-10, 215, 225-27; 2 RT 301-04, 322-23) and that after the men scattered as a result of the gunfire, petitioner continued to pursue them (1 RT 126-28, 162-63, 192, 212, 228, 246; 2 RT 275, 304, 313-15, 317, 259-362, 278-379, 381, 450).

In light of the foregoing, petitioner has failed to demonstrate that the trial court's instructions on consciousness of guilt resulted in a violation of his constitutional right to due process. The state court decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

### Summary

In sum, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve a finding based on an unreasonable application of the facts. Hence, petitioner is not entitled to relief and the claim should be denied. 28 U.S.C.

§ 2254(d).

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/evan0070.157